UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERASA RENE FILSOOF,

                Plaintiff,

                                                       **AMENDED COMPLAINT**

        - against

WHEELOCK STREET CAPITAL, LLC,        Civil Action No.: 22-cv-09359(NRB)

                Defendant.
------------------------------------------------------------x

      Plaintiff TERASA RENE FILSOOF, by and through her attorneys The Bostany Law Firm PLLC, as and for her Complaint against the Defendant WHEELOCK STREET CAPITAL, LLC, alleges as follows:

## PARTIES

      1.      At all times relevant hereto, the Plaintiff TERASA RENE FILSOOF (hereinafter "TESS") was and is an individual residing in both the State of New York and Georgia.

      2.      Plaintiff's New York residence is located in the City of New York, Borough of Manhattan, County of New York.

      3.      Plaintiff's Georgia residence is located in the City of Atlanta.

      4.      Upon information and belief, at all times relevant hereto, Plaintiff was a citizen of and domiciliary of the State of Georgia.

      5.      At all times relevant hereto, Defendant WHEELOCK STREET CAPITAL, LLC (hereinafter "WHEELOCK") was and is a corporation organized and existing pursuant to the laws of the State of Delaware.

      6.      At all times relevant hereto WHEELOCK's principal place of business was and is 660 Steamboat Road, Greenwich, Connecticut 06830.

7. At all times relevant hereto Merrick Kleeman and Jonathan Paul were and are upon information and belief the sole members of WHEELOCK.

8. At all times relevant hereto, Merrick Kleeman was and is upon information and belief an individual residing in the State of Connecticut with an address at 909 West Road, New Canaan, CT, 06840.

9. At all times relevant hereto, Jonathan Paul was and is upon information and belief an individual residing in the State of Massachusetts with an address at 500 Boylston Street, 16th Floor, Boston, Massachusetts 021006.

## JURISDICTION and VENUE

10. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 as the Plaintiff is a citizen of a different state than the Defendant, the Plaintiff is a citizen of a different state than all members of the Defendant, and the amount in controversy exceeds $75,000.

11. Venue is proper in the Southern District of New York as a substantial part of the events giving rise to this action occurred in New York County which lies within the Southern District of New York.

12. A substantial amount of Plaintiff's pain and suffering took place in New York.

13. Plaintiff was treated for her in injuries by her primary orthopedist and other treating physicians in New York.

14. Upon information WHEELOCK owns substantial assets in the State of New York, including real estate and hotels in Manhattan.

15. Plaintiff is a citizen of a different state than all of the members of WHEELOCK.

16. Plaintiff is a citizen of a different state than the principal place of business of WHEELOCK.

17. Plaintiff is a citizen of a different state than the state of organization of WHEELOCK.

## FACTUAL ALLEGATIONS

18. At all times relevant hereto, WHEELOCK owned a hotel and restaurant known as Chateau Elan located at 100 Rue Charlemagne Street in Braselton, Georgia 30517 ("the Premises").

19. At all times relevant hereto, WHEELOCK upon information and belief operated the Premises.

20. At all times relevant hereto, WHEELOCK upon information and belief controlled the Premises.

21. At all times relevant hereto, WHEELOCK upon information and belief was responsible to maintain the Premises.

22. At all times relevant hereto, WHEELOCK was responsible to maintain the Premises in a safe condition for patrons, guests, and business invitees.

23. On October 4, 2022, TESS was a patron, guest, and business invitee of the Defendant at the Premises.

24. Defendant had a duty to Plaintiff.

25. On said date at approximately 8:00 p.m., Plaintiff TESS was lawfully at the Premises.

26. On said date and time, a mechanical device existed at the top of double doors in the entranceway to an atrium at the Premises (hereinafter "doorway").

27. On said date and time, while TESS was attempting to pass through the doorway, a metal object at the top of the door fell off and came crashing down onto her wrist causing TESS severe and permanent injury.

28. Metal objects do not normally fall from the tops of doors in the absence of negligence.

29. Defendant and its agents, employees and servants had exclusive control over the door and the metal object that fell on the Plaintiff.

30. There was no superseding or intervening cause for the metal object to fall from the door and cause injury to the Plaintiff.

31. Metal objects do not normally fall from tops of doors without there being

32. The falling of the metal object on Plaintiff, a guest at Chateau Elan, is sufficient to infer Defendant's negligence.

33. Defendant negligently maintained the aforementioned door and doorway.

34. The metal object became unaffixed to the door as it, the door and the doorway were not properly maintained by Defendant.

35. Defendant is 100% and solely responsible for the injury to TESS proximately caused by the falling of the metal object.

36. As a proximate result of the falling of the metal object, TESS suffered serious and painful injuries and disability and has incurred substantial damages, pain, suffering and disability.

37. Defendant was negligent in the maintenance, operation, and ownership of the mechanical device in allowing it to be maintained in a condition that the metal object would fall and potentially injure a business invitee.

38. It was foreseeable that persons would be passing through the doorway where the metal object was located.

39. Defendant was solely and exclusively responsible for the metal object falling on TESS and her resulting injuries/damages.

WHEREFORE, Plaintiff TERASA RENE FILSOOF demands judgment against the Defendant for compensatory damages and for interest, and the costs of this suit as allowed by law.

### TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

Dated: December 16, 2022

**THE BOSTANY LAW FIRM PLLC**

By: s/John P. Bostany.
*Attorneys for Plaintiff*
3 World Financial Center- 24th Floor
New York, New York 10281
(212) 530-4400
john@bozlaw.com