UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
TERESA RENE FILSOOF,

        Plaintiff,

     - against –

WHEELOCK STREET CAPITAL, LLC,
and WS CE RESORT OWNER, LLC,

        Defendants.
------------------------------X

**MEMORANDUM AND ORDER**

22 Civ. 9359 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Teresa Rene Filsoof ("plaintiff"), a citizen of Georgia, brings this diversity action against Wheelock Street Capital, LLC ("Wheelock") and WS CE Resort Owner, LLC ("WS CE") (collectively, "defendants"), alleging that she was injured at a restaurant and hotel, located in Braselton, Georgia, as a result of defendants' negligence.  Defendants now move for an order transferring venue from the Southern District of New York to the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).  For the reasons set forth below, defendants' motion to transfer is granted.

## BACKGROUND

Plaintiff is a citizen and domiciliary of Georgia but alleges that she maintains a residence in New York.  ECF No. 24 (Second

Amended Complaint ("SAC")) ¶¶ 1, 9.[1]  Defendants are limited liability companies existing pursuant to the laws of Delaware, id. ¶¶ 2, 4, and their respective principal places of business are located in Connecticut, id. ¶¶ 10, 16.

Defendants own and operate the Chateau Elan, a hotel and restaurant located in Braselton, Georgia.  Id. ¶¶ 3, 5, 118-21. Plaintiff alleges that on October 4, 2022, plaintiff was walking through a doorway at the Chateau Elan when a metal object fell on her wrist and caused her severe and permanent injury.  Id. ¶ 127.

On November 1, 2022, plaintiff initiated this action, alleging that defendants negligently maintained the doorway and were thus responsible for her injury.  Id. ¶¶ 134, 138.  On May 17, 2023, defendants moved to transfer the action pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).  ECF Nos. 41-43.  On June 15, 2023, plaintiff opposed defendants' motion, ECF No. 44, and defendants filed a reply in support of their motion on June 23, 2023, ECF No. 45.

---

[1] In her original complaint, plaintiff stated that she resides in New York but made no mention of where she is domiciled.  ECF No. 1 (Complaint) ¶ 1.  Only after her case was assigned to this Court, which was familiar with plaintiff from a prior unrelated case, did plaintiff amend her complaint to include that she is, in fact, a domiciliary and citizen of Georgia.  ECF No. 9 (First Amended Complaint) ¶ 4.

## DISCUSSION

Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." Detroit Coffee Co., LLC v. Soup for You, LLC, No. 16 Civ. 9875 (JPO), 2018 WL 941747, at *4 (S.D.N.Y. Feb. 16, 2018). Consequently, courts are "required to construe the venue statute strictly." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005). Pursuant to that statute, 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a case is filed in a district court in which venue is improper, the court "shall dismiss" the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer such a case is within the discretion of the district court. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 172

(S.D.N.Y. 2009).   Here, there are no alleged facts establishing that venue is proper in this district, and therefore the Court will exercise its discretion and transfer the case to the Northern District of Georgia.

## I.   28 U.S.C. § 1391(b)(1)

Plaintiff first argues that venue is proper under 28 U.S.C. § 1391(b)(1) because defendants reside in this district.  That argument lacks merit.  Neither defendant is a resident of the Southern District of New York, and accordingly, 28 U.S.C. § 1391(b)(1) supplies no basis for venue here.

For purposes of venue, an entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  Because residency is defined in terms of personal jurisdiction, "the inquiry under this subsection collapses into a personal jurisdiction analysis."  Caliko, SA v. Finn & Emma, LLC, No. 21 Civ. 3849 (VEC), 2022 WL 596072, at *2 (S.D.N.Y. Feb. 28, 2022).

Plaintiff asserts that defendants are subject to personal jurisdiction pursuant to CPLR §§ 301 and 302(a)(3), SAC ¶¶ 104-05, but neither statute provides a basis for such jurisdiction.

-4-

The first of these statutes, CPLR § 301,[2] allows New York courts
to exercise general jurisdiction over certain nondomiciliary
defendants. Sonera Holding B.V. v. Cukurova Holding A.S., 750
F.3d 221, 224 (2d Cir. 2014). A court may exercise such
jurisdiction over foreign corporations only when "their
affiliations with the State are so continuous and systematic as to
render them essentially at home in the forum State." Daimler AG
v. Bauman, 571 U.S. 117, 127 (2014) (internal quotations omitted).
Other than in a "truly exceptional case," a corporation is "at
home" only where it is incorporated or maintains its principal
place of business. Brown v. Lockheed Martin Corp., 814 F.3d 619,
627 (2d Cir. 2016) (internal quotations omitted). "[W]hen a
corporation is neither incorporated nor maintains its principal
place in a state, mere contacts, no matter how 'systematic and
continuous,' are extraordinarily unlikely to add up to an
'exceptional case.'" Id. at 629.

In this case, it is undisputed that defendants are
incorporated in Delaware and maintain their principal place of
business in Connecticut. SAC ¶¶ 2, 4, 10, 16. Therefore,
plaintiff bears a "heavy burden" in showing that defendants'

---

[2] CPLR § 301 provides that "[a] court may exercise such jurisdiction over
persons, property, or status as might have been exercised heretofore."

presence in New York rises to the level of an "exceptional case."
Brown, 814 F.3d at 627.  Plaintiff, however, does not come close
to carrying its burden.  Plaintiff alleges, for example, that
during the relevant time period: (1) key principals and employees
of Wheelock were citizens of and had home offices in New York; (2)
Wheelock's finance department was in New York; and (3) Wheelock
received documents in New York.  ECF No. 44 ("Opp. Br.") at 3-4
(citing SAC ¶¶ 29, 31, 32, 79, 82).[3]  Even accepting these vague
allegations as true, they are insufficient to establish general
jurisdiction because plaintiff has "made no showing that
[defendants'] relationship with New York was in any way significant
or exceptional in relation to the [their] nationwide business
activity" as is required under Daimler.  Chufen Chen v. Dunkin'
Brands, Inc., 954 F.3d 492, 500 (2d Cir. 2020).

In any event, courts have repeatedly refused to exercise
general jurisdiction over foreign corporations that had far more
substantial contacts with the forum state than defendants have
with New York.  See, e.g., Brown, 814 F.3d at 628-30 (holding that

---

[3] Many of plaintiff's allegations, such as that Wheelock "is at home" in New
York and that "the majority of [Wheelock's] business activities are conducted"
there, SAC ¶¶ 27-28, are "nothing more than conclusory allegations and a futile
attempt to maneuver around established precedent" and therefore must be
disregarded, George Moundreas & Co SA v. Jinhai Intelligent Mfg. Co. Ltd., No.
20 Civ. 2626 (VEC), 2021 WL 168930, at *7 (S.D.N.Y. Jan. 18, 2021).

defendant's contacts with forum state fell "far short" of requisite relationship even though defendant had a physical presence in the state for more than thirty years, had between thirty and seventy employees in the state, and derived about $160 million in gross revenue from its in-forum operations); Al-Ahmed v. Twitter, Inc., 553 F. Supp. 3d 118, 125 (S.D.N.Y. 2021) (finding no general jurisdiction even though defendant's second largest headquarters was located in New York and over ten percent of its employees worked there); In re Del Valle Ruiz, 342 F. Supp. 3d 448, 456-57 (S.D.N.Y. 2018) (finding no general jurisdiction even though defendant managed nearly $15 billion in assets in New York, was listed on the New York Stock Exchange, and "manage[d] its wholly owned U.S. subsidiaries from New York City"). Defendants' alleged contacts with New York similarly fall "far short" of establishing that defendants are "at home" in the state, Brown, 814 F.3d at 630, and therefore this Court lacks general personal jurisdiction over them.

Plaintiff next asserts that there is specific jurisdiction over defendants pursuant to CPLR § 302(a)(3).[4]  Courts assessing

---

[4] This provision allows courts to exercise personal jurisdiction over any non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the

whether such jurisdiction is proper under that provision "must generally apply a situs-of-the-injury test, which asks them to locate the original event which caused the injury." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001) (internal quotations omitted).  "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Id.

In this case, the "original event" resulting in plaintiff's injury occurred at the Chateau Elan in Georgia. Id. Indeed, it was at the Chateau where a metal object purportedly fell onto plaintiff and caused her severe and permanent injury, making Georgia the "situs of the injury." Id. Plaintiff attempts to change the situs of the injury by claiming that she suffered pain and received medical treatment in New York. SAC ¶¶ 97-98.  This argument, however, is directly undercut by plaintiff counsel's representation that plaintiff received medical treatment (and presumably suffered significant pain) in Georgia as well. Regardless, the location of plaintiff's ongoing suffering or medical treatment does not alter the situs of the injury. See Guccione v. Harrah's Mktg. Servs. Corp., No. 06 Civ. 4361 (PKL),

---

state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  CPLR § 302(a)(3).

2009 WL 2337995, at *5 (S.D.N.Y. July 29, 2009) (finding no jurisdiction under CPLR § 302(a)(3) where "plaintiff received medical treatment in New York" but "the alleged injury giving rise to the suit occurred" in New Jersey).  As such, the Court cannot exercise specific jurisdiction over defendants pursuant to CPLR § 302(a)(3).

Because this Court cannot exercise personal jurisdiction over defendants, it cannot be said that either defendant "resides" in this district.  Thus, venue is not proper in this Court under 28 U.S.C. § 1391(b)(1).

## II.  28 U.S.C. § 1391(b)(2)

Absent personal jurisdiction over defendants, venue is only proper if "a substantial part of the events or omissions giving rise to the claim occurred" in this district.  28 U.S.C. § 1391(b)(2).  Under this standard, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  Gulf Ins., 417 F.3d at 357 (emphases in original); see also id. ("[W]e caution district courts to take seriously the adjective 'substantial.'").

-9-

Here, all significant events and material omissions giving rise to plaintiff's claim occurred in Georgia.  Indeed, plaintiff alleges that (1) she was injured when a metal object fell on her as she was walking through a doorway at the Chateau Elan; and (2) defendants did not properly maintain the door and doorway on the Chateau's premises.  SAC ¶¶ 131-33.  These allegations make clear that the events relevant to plaintiff's claim occurred in Georgia.

Plaintiff's attempts to make it appear that a significant portion of the events took place in New York are unpersuasive.  First, plaintiff contends that "the negligent maintenance of the mechanism of Plaintiff's injury took place from New York."  Opp. Br. at 5.  Setting aside that this allegation is not contained in the SAC, plaintiff fails to explain any of the circumstances surrounding the purportedly negligent maintenance of the mechanism, including how a mechanism affixed to a door in Georgia could be maintained from afar in New York.  Therefore, plaintiff's assertion that such maintenance occurred in this district is "purely speculative" and thus cannot be the basis for establishing proper venue.  Palladian Partners, L.P. v. Province of Buenos

-10-

<u>Aires</u>, No. 21 Civ. 5958 (CM), 2022 WL 16700188, at *4 (S.D.N.Y. Nov. 3, 2022).[5]

Second, plaintiff insists that venue is proper because her "damages witnesses" are located in New York. Opp. at 2, 5. While the convenience of plaintiff's witnesses may be highly relevant in determining whether to transfer venue under 28 U.S.C. § 1404(a),[6] that consideration has no bearing on whether venue is proper in the first instance. <u>See, e.g.</u>, <u>Peckio v. Shay</u>, 708 F. Supp. 75, 76 (S.D.N.Y. 1989) ("[T]he plaintiffs' convenience . . . [is] not relevant" in determining whether venue "lie[s] at all in the Southern District"). As discussed above, the venue rules are not intended to promote the plaintiff's convenience but rather to "protect the <u>defendant</u> against the risk that a plaintiff will select an unfair or inconvenient place of trial." <u>Leroy v. Great Western United Corp.</u>, 443 U.S. 173, 183-84 (1979) (emphasis in original).[7]

---

[5] <u>See also</u> <u>G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.</u>, No. 97 Civ. 0730 (LAP), 1998 WL 78292, at *3 n.4 (S.D.N.Y. Feb. 24, 1998) (holding that "general and conclusory allegations" could not "support a finding of venue under § 1392(b)").

[6] Under this provision, a district court may transfer the case "to any other district or division where it might have been brought . . . [f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

[7] For similar reasons, the fact that plaintiff has a residence in New York is "irrelevant to the venue analysis." <u>Sumter v. Keith</u>, No. 21 Civ. 3723 (GBD)(SN), 2021 WL 7287629, at *4 (S.D.N.Y. Oct. 25, 2021). In any event, despite her earlier attempts at concealment, plaintiff is a domiciliary and citizen of Georgia, which undermines any argument that venue would be inconvenient there.

Third, plaintiff argues that she received significant medical treatment in New York.   Opp. at 5.   However, "it is well-established that the location of the effects of a tort have no bearing on venue." Holloway v. Holy See, 537 F. Supp. 3d 502, 506 (S.D.N.Y. 2021); see also Pushkin v. Nussbaum, No. 10 Civ. 9212 (KBF)(DCF), 2012 WL 75409, at *1 (S.D.N.Y. Jan. 9, 2012) (finding that receipt of "follow-up medical care" in the district was insufficient to establish proper venue when automobile accident occurred elsewhere).

Because no significant act or omission material to plaintiff's negligence claim occurred in this district, venue is not proper in this Court under 28 U.S.C. § 1391(b)(2).   Venue is proper, however, in the Northern District of Georgia, as all the alleged acts or omissions giving rise to plaintiff's claim occurred in Braselton, Georgia, which is located within that district.[8] Therefore, the Court will exercise its discretion and grant defendants' motion to transfer the case to the Northern District of Georgia.[9]

---

[8] For this reason, the Court need not analyze 28 U.S.C. § 1391(b)(3), which applies only if there is "no district in which [the] action may otherwise be brought."
[9] Because we transfer venue pursuant to 28 U.S.C. § 1406(a), we need not determine whether transfer would be appropriate under 28 U.S.C. § 1404(a).

-12-

## CONCLUSION

For the foregoing reasons, defendants' motion is granted, and the Court orders the case be transferred to the United States District Court for the Northern District of Georgia.  The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 30, 35, and 41.


SO ORDERED.

Dated:     New York, New York
           November 30, 2023

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

-13-